Shauck, J.
The principles of construction here called in question are not distinguishable from those which were considered in State ex rel. Insurance Company v. Moore, 42 Ohio St., 103. The judgment there rendered follows the third proposition of the syllabus:
“When such officer (the superintendent of insurance) , in determining upon the performance of a public duty, is called upon to use official judgment and discretion, his exercise of them, in the absence of fraud, bad faith; and abuse-of discretion, will not be controlled or directed by mandamus.”
In the present case, the superintendent insists that in refusing to issue to the relator a license and certificate of authority, he was exercising the discretion which was there held to be vested in him, and so exercising it, as was required by his duty to see that there is an observance of the insurance laws of the state. Was it within his discretion to refuse the license in view of the facts alleged in his answer, and admitted’ by the demurrer?
The application for a license w’as made by the relator on the twenty-second day of October, 1900. On *20 the fifteenth day of October, the relator, without the required authority to solicit applications for insurance in the insurance company whose agent he was, had solicited such application, and had, as an inducement to the person whose application he solicited, offered a rebate of fifty per cent, of the premium payable by other persons of the same class. Not only had these acts been done by the relator, but, at the time of his application for a license, they were admitted to have been done, and that admission was the ground for the refusal of the superintendent. The soliciting of the application by the relator, without having a license as the agent of a foreign insurance company was expressly prohibited by Section 3604, Revised Statutes, and the offer of a rebate was expressly prohibited by the provisions of Section 3631-4, Revised Statutes. The provisions of the statute, which had been thus violated by the relator, are comprehended within the terms of section 3631-7, declaratory of the consequences of such violation:
‘Tt shall be the duty of the superintendent of insurance, upon- being satisfied that any such corporation, or agent thereof, has violate'd any of the provisions of this act, to revoke the license of the company, or agent, so offending, and no license shall be granted to such company, or agent, for one year after such revocation.”
By the explicit terms of this section, it would have keen the duty of the superintendent to revoke the license, if one had been issued, and he would, at the time of the application, have been without authority to grant another. His refusal being in accordance with the manifest spirit of the statute, and in further *21 anco of its obvious purpose, tv as within his discretion, if not within his imperative duty.

Judgment of the circuit court reversed, and judgment for the plaintiff in error.

Burket, C. J., Spear, Davis, Price and Crew, JJ., concur.